IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mark Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-03213 |
| | ) | |
| Wexford Health Source Inc., | ) | Judge Sharon Johnson Coleman |
| Estate of Dr. Saleh Obaisi, Deceased, | ) | |
| and Lataina Williams, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pretrial conference held on March 12, 2021. The Court heard arguments on the parties' motions in limine. The motions are granted in part, denied in part, and reserved in part as set forth below. The Court's rulings are without prejudice unless otherwise noted.

**Statement**

Plaintiff's motion in limine no. 1 to bar defendants from referencing plaintiff's prior convictions and criminal history [117] is granted over objection except for proper use regarding credibility issues to be determined at trial.

Plaintiff's motion in limine no. 2 to bar defendants from referencing plaintiff's Illinois Department of Corrections disciplinary history, commissary account, and grievances history unrelated to the allegation of deliberate indifference [118] is granted in part and denied in part. The Court will allow evidence regarding plaintiff's grievances history from the relevant timeframe of June 1, 2016, through December 31, 2017. However, defendants are prohibited from referencing plaintiff's Illinois Department of Corrections disciplinary history and commissary account that are unrelated to the allegation of deliberate indifference and outside of the relevant timeframe.

Defendants' motion in limine no. 1 to bar plaintiff from referencing other lawsuits, complaints, depositions, grievances, and disciplinary actions brought against defendants [119] is granted without objection.

Defendants' motion in limine no. 2 to bar plaintiff from presenting evidence or making any arguments or claims for recovery of any pain, suffering, disability, discomfort, or any other damages that occurred outside of the timeframe during which the plaintiff may have been under the care of the defendants [120] is granted over objection. The Court limits the relevant timeframe to June 1, 2016, through December 31, 2017.

Defendants' motion in limine no. 3 to bar plaintiff from testifying as an expert regarding his medical condition, including on causation, diagnosis, and appropriate treatment [121] is granted over objection as explained on the record.

Defendants' motion in limine no. 4 to bar plaintiff from testifying or introducing evidence that Defendants did not follow policies or procedures by Wexford Health Sources, Inc., or the Illinois Department of Corrections [122] is reserved for trial.

Defendants' motion in limine no. 5 to bar plaintiff from introducing evidence or arguments indicating that the legal standard of his § 1983 claim is anything other than deliberate indifference [123] is granted without objection.

Defendants' motion in limine no. 6 to bar plaintiff from introducing previously undisclosed or improperly disclosed evidence, testimony or otherwise, from any lay or expert witness [124] is granted without objection, and the motion is reciprocal.

Defendants' motion in limine no. 7 to bar plaintiff from introducing previously undisclosed or improperly disclosed physical, tangible, or documentary evidence [125] is granted without objection, and the motion is reciprocal.

**IT IS SO ORDERED.**

Date: 3/12/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge